\_\_\_\_\_ **FILED** \_\_\_\_\_ **ENTERED**
\_\_\_\_\_ **LODGED** \_\_\_\_\_ **RECEIVED**

**JAN 3 1 2020**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CR19-259JCC |
| Plaintiff | **PLEA AGREEMENT** |
| v. | |
| RYAN S. HERNANDEZ, | |
| Defendant. | |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Steven T. Masada, Assistant United States Attorney for said District, and the defendant RYAN S. HERNANDEZ and his attorney, Sara L. Caplan, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1):

1.     **Waiver of Indictment**. Defendant, having been advised of the right to be charged by indictment, agrees to waive that right and enter pleas of guilty to the charges brought by the United States Attorney in an information.

2.     **Charge**. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas of guilty to the following charges contained in the Superseding Information:

PLEA AGREEMENT - 1
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Computer Fraud and Abuse, as charged in Count 1, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B);

b.      Possession of Child Pornography, as charged in Count 2, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2).

By entering pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further waives any objections to venue as to either charge. Defendant further understands that before entering his guilty plea, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

3.      **Elements of the Offense**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a.      The elements of Computer Fraud and Abuse, as charged in Count 1, in violation of Title 18, United States Code, Section 1030(a)(2)(C) and (c)(2)(B), are as follows:

*First*, the defendant intentionally accessed without authorization or exceeded authorized access to a computer;

*Second*, by accessing without authorization or exceeding authorized access to a computer, the defendant obtained information from a computer that was used in or affecting interstate or foreign commerce or communication; and

*Third*, the value of the information obtained exceeds $5,000.

b.      The elements of Possession of Child Pornography, as charged in Count 2, in violation of Title 18, United States Code, Section 2252(a)(4)(B) and (b)(2), are as follows:

*First*, the defendant knowingly possessed matter that the defendant knew contained visual depictions of minors engaged in sexually explicit conduct;

*Second*, the defendant knew each visual depiction contained in the matter was of minors engaged in sexually explicit conduct;

PLEA AGREEMENT - 2
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1       *Third*, the defendant knew that production of such visual depictions

2   involved the use of a minor engaged in sexually explicit conduct; and

3       *Fourth,* each visual depiction had been either transported in interstate or

4   foreign commerce, or produced using material that had been transported in

5   interstate or foreign commerce by computer or other means.

6       4.    **The Penalties**. Defendant understands that the statutory penalties

7   applicable to the offenses to which he is pleading guilty are as follows:

8       a.    For the offense of Computer Fraud and Abuse, as charged in

9   Count 1: A maximum term of imprisonment of up to five (5) years of imprisonment, a

10  fine of up to $250,000, a period of supervision following release from prison of up to

11  three (3) years, and a mandatory special assessment of $100.

12      b.    For the offense of Possession of Child Pornography, as charged in

13  Count 2: A maximum term of imprisonment of up to 20 years, a fine of up to $250,000, a

14  period of supervision following release from prison of not less than 5 years and up to life,

15  a mandatory special assessment of $100.00, a $5,000.00 penalty assessment unless the

16  defendant is indigent, and up to a $17,000.00 penalty assessment for a child pornography

17  trafficking offense.

18      Defendant further understands that, in order to invoke the statutory sentence for

19  the offense charged in Count 2, the United States must prove beyond a reasonable doubt

20  that the offense charged in this count involved a visual depiction of a prepubescent minor

21  or a minor who had not attained 12 years of age. Defendant expressly waives the right to

22  require the United States to make this proof at trial and stipulates as a part of this plea of

23  guilty that the offense charged in Count 2 involved a visual depiction of a prepubescent

24  minor or a minor who had not attained 12 years of age.

25      Defendant understands that as a part of any sentence, in addition to any term of

26  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

27  restitution to any victim of the offense, as required by law. Defendant understands he

28

PLEA AGREEMENT - 3
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   will be required to pay a minimum of $3,000.00 to each victim of the offense charged in

2   Count 2.

3         If a probationary sentence is imposed, the probation period can be for up to five

4   (5) years.  Defendant agrees that the special assessment shall be paid at or before the time

5   of sentencing.

6         Defendant understands that supervised release is a period of time following

7   imprisonment during which Defendant will be subject to certain restrictive conditions and

8   requirements.  Defendant further understands that, if supervised release is imposed and

9   Defendant violates one or more of the conditions or requirements, Defendant could be

10  returned to prison for all or part of the term of supervised release that was originally

11  imposed.  This could result in Defendant serving a total term of imprisonment greater

12  than the statutory maximum stated above.

13        Defendant understands that as a part of any sentence, in addition to any term of

14  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

15  restitution to any victim of the offense, as required by law.

16        Defendant further understands that the consequences of pleading guilty may

17  include the forfeiture of certain property, either as a part of the sentence imposed by the

18  Court, or as a result of civil judicial or administrative process.

19  Defendant agrees that any monetary penalty the Court imposes, including the special

20  assessment, fine, costs, or restitution, is due and payable immediately and further agrees

21  to submit a completed Financial Statement of Debtor form as requested by the United

22  States Attorney's Office.

23       5.    **Rights Waived by Pleading Guilty.**  Defendant understands that by

24  pleading guilty, he knowingly and voluntarily waives the following rights:

25            a.    The right to plead not guilty and to persist in a plea of not guilty;

26            b.    The right to a speedy and public trial before a jury of his peers;

27            c.    The right to the effective assistance of counsel at trial, including, if

28  Defendant could not afford an attorney, the right to have the Court appoint one for him;

PLEA AGREEMENT - 4
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

d.      The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.      The right to confront and cross-examine witnesses against Defendant at trial;

f.      The right to compel or subpoena witnesses to appear on his behalf at trial;

g.      The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.      The right to appeal a finding of guilt or any pretrial rulings.

6.      **United States Sentencing Guidelines.**  Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.      The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b.      After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

PLEA AGREEMENT - 5
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1      c.     The Court is not bound by any recommendation regarding the

2   sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines

3   range offered by the parties or the United States Probation Department, or by any

4   stipulations or agreements between the parties in this Plea Agreement; and

5      d.     Defendant may not withdraw a guilty plea solely because of the

6   sentence imposed by the Court.

7      7.     **Ultimate Sentence**. Defendant acknowledges that no one has promised or

8   guaranteed what sentence the Court will impose.

9      8.     **Restitution.** Defendant shall make restitution to Nintendo Co., Ltd.,

10   and/or, its U.S. subsidiary, Nintendo of America (collectively, "Nintendo") in the amount

11   of $259,323.82, with credit for any amounts already paid.

12      Defendant is aware that, absent an agreement as to restitution, the United States

13   will present evidence supporting an order of restitution for all losses caused by all of

14   Defendant's criminal conduct known to the United States at the time of Defendant's

15   guilty pleas to include those losses resulting from crimes not charged or admitted by

16   Defendant in the Statement of Facts, including additional instances where Defendant

17   attempted to compromise Nintendo's networks and/or to access confidential Nintendo

18   data. In exchange for the promises by the United States contained in this plea agreement,

19   Defendant agrees that Defendant will be responsible for any order by the District Court

20   requiring the payment of restitution for such losses.

21      a.     The full amount of restitution shall be due and payable immediately

22   on entry of judgment and shall be paid as quickly as possible. If the Court finds that the

23   defendant is unable to make immediate restitution in full and sets a payment schedule as

24   contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule

25   represents a minimum payment obligation and does not preclude the U.S. Attorney's

26   Office from pursuing any other means by which to satisfy the defendant's full and

27   immediately-enforceable financial obligation, including, but not limited to, by pursuing

28

PLEA AGREEMENT - 6
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  assets that come to light only after the district court finds that the defendant is unable to

2  make immediate restitution.

3      b.      Defendant agrees to disclose all assets in which Defendant has any

4  interest or over which Defendant exercises control, directly or indirectly, including those

5  held by a spouse, nominee, or third party.  Defendant agrees to cooperate fully with the

6  United States' investigation identifying all property in which Defendant has an interest

7  and with the United States' lawful efforts to enforce prompt payment of the financial

8  obligations to be imposed in connection with this prosecution.  Defendant's cooperation

9  obligations are:  (1) before sentencing, and no more than 30 days after executing this Plea

10  Agreement, truthfully and completely executing a Financial Disclosure Statement

11  provided by the United States Attorney's Office and signed under penalty of perjury

12  regarding Defendant's and Defendant's spouse's financial circumstances and producing

13  supporting documentation, including  tax returns, as requested; (2) providing updates

14  with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within

15  seven days of the event giving rise to the changed circumstances; (3) authorizing the

16  United States Attorney's Office to obtain Defendant's credit report before sentencing;

17  (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to

18  access records to verify the financial information; (5) authorizing the U.S. Attorney's

19  Office to inspect and copy all financial documents and information held by the U.S.

20  Probation Office; (6) submitting to an interview regarding Defendant's Financial

21  Statement and supporting documents before sentencing (if requested by the United States

22  Attorney's Office), and fully and truthfully answering questions during such interview;

23  and (7) notifying the United States Attorney's Office before transferring any interest in

24  property owned directly or indirectly by Defendant, including any interest held or owned

25  in any other name, including all forms of business entities and trusts.

26      c.      The parties acknowledge that voluntary payment of restitution prior

27  to the adjudication of guilt is a factor the Court considers in determining whether

28  Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).  In

PLEA AGREEMENT - 7
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 │ addition, in any event, the government will consider Defendant's cooperation regarding

2 │ restitution in making its sentencing recommendation.

3 │      9.    **Forfeiture of Property.**  The defendant understands that forfeiture is part

4 │ of the sentence that must be imposed in this case. The defendant agrees to forfeit to the

5 │ United States, immediately, all of his right, title, and interest in any and all property

6 │ constituting or derived from proceeds he obtained as the result of the offense pursuant to

7 │ Title 18, United States Code, Sections 982(a)(2)(B) and 1030(i). The defendant also

8 │ agrees to forfeit to the United States, immediately, any and all property that facilitated the

9 │ offense pursuant to Title 18, United States Code, Section 1030(i), including but not

10 │ limited to:

11 │        a.     One Seagate external hard drive, serial no. Z84112WS;

12 │        b.     One Apple Macbook, serial no. C02MN8TDFD57;

13 │        c.     Nintendo Switch console, serial no. XAW10001300634;

14 │        d.     Nintendo Switch console serial no. XAW10021377616;

15 │        e.     IS-Nitro-Emulator, serial no. 08050639); and

16 │        f.     NDEV wireless device, serial no. NMA20089065).

17 │ With respect to computers, digital devices, and digital or electronic media, Defendant

18 │ agrees to forfeit the items and all files, data, and other contents of the items

19 │      Defendant agrees to fully assist the United States in the forfeiture of all forfeitable

20 │ property and to take whatever steps are necessary to pass clear title to the United States,

21 │ including but not limited to: surrendering title and executing any documents necessary to

22 │ effect forfeiture; assisting in bringing any property located outside the United States

23 │ within the jurisdiction of the United States; and taking whatever steps are necessary to

24 │ ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or

25 │ otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any

26 │ such property in any federal forfeiture proceeding, administrative or judicial, which may

27 │ be or has been initiated.

28 │

PLEA AGREEMENT - 8
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The United States reserves its right to proceed against any remaining property not
identified in this Plea Agreement, including any property in which Defendant has any
interest or control, if that property was involved in or facilitated his commission of
Computer Fraud and Abuse or if that property constitutes or derives from proceeds he
obtained from the offense.

10.     **Abandonment of Contraband and Circumvention Devices**. The
defendant also agrees that, if any federal law enforcement agency seized any illegal
contraband or electronic circumvention devices that were in his direct or indirect control,
he consents to the federal administrative disposition, official use, and/or destruction of
that contraband, the devices on which such contraband was stored, and circumvention
devices.  The defendant further agrees to the deletion or wiping of content stored on
electronic devices or storage media that are to be returned to the defendant, designee, or a
third party, if any.

11.     **Statement of Facts**.  The parties agree on the following facts.  Defendant
admits he is guilty of the charged offense or offenses:

> On multiple occasions over the course of years, continuing up through June 2019, the defendant RYAN S. HERNANDEZ, who also uses the alias "Ryan West" and the online moniker "RyanRocks," hacked into protected computers of Nintendo and stole non-public and proprietary data most commonly related to developer tools, pre-release video games, and game consoles.  HERNANDEZ shared such information with others through various social media and online portals.  Despite prior contact by Nintendo representatives and law enforcement, HERNANDEZ persisted.
>
> More specifically, in October 2016, HERNANDEZ, then a minor, and an associate compromised Nintendo's online Developer Portal, which is used to develop video games and video game consoles.  HERNANDEZ used a phishing message, falsely requesting technical support, posted to a Nintendo online forum to trick a Nintendo employee to click on an external link embedded in the message.  As designed, the link directing the Nintendo employee to an external site hosting a malware program that secretly scraped the employee's information and authentication tokens.  The associate then used the employee's stolen tokens to upload malware onto the Nintendo developer site, which logged the tokens of legitimate users logging onto the site, and later to gain administrator access to the

PLEA AGREEMENT - 9
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Developer Portal.  The associate then used the stolen user tokens to download proprietary Nintendo data.  Some of the stolen data, including pre-release information about the Nintendo Switch console, was then leaked to the public.

On October 25, 2017, FBI agents contacted HERNANDEZ at his Palmdale, California residence.  During that consensual interview, conducted in the presence of HERNANDEZ's parents, HERNANDEZ promised to stop any further malicious activity against Nintendo and confirmed his understanding of the potential consequences of future hacking conduct.

Despite his promise, HERNANDEZ thereafter hacked into various servers belonging to Nintendo, similarly targeting information about developer tools, video games, and consoles, including products still under development and others not yet released publicly.

Beginning no later than June 2018, and continuing until June 2019 (when agents again contacted him and searched his residence), HERNANDEZ accessed, without authorization, various server groups and downloaded confidential and proprietary information.  For example, one of the server groups targeted by HERNANDEZ related to a staging environment for the Nintendo eShop, which is used for pre-production testing.  In June 2018, HERNANDEZ accessed the servers, using without authorization a legitimate certificate, and requested and downloaded pre-release information and data, including development tools and files relating to retail titles.  Similarly, beginning in June 2018, HERNANDEZ accessed the device authentication server group using an illegitimate certificate obtained from an application extracted from the previously compromised staging environment server group.  Beginning in July 2018, HERNANDEZ accessed the server group that managed content for Nintendo retail kiosks, including advertising material and game demos.  The servers compromised by HERNANDEZ were located in various states, including Washington and Oregon, and in some cases abroad, and were used in and affect interstate and foreign commerce and communication.

HERNANDEZ posted about his hacking exploits and leaked stolen information using various online platforms, such as Twitter and Discord. HERNANDEZ operated an online forum on Discord dedicated to Nintendo and Nintendo products called "Ryan's Underground Hangout."  Through this Discord forum, which enables users to create chatrooms (called "servers") where participants can communicate through posts and/or direct messages as well as through voice or video chat, HERNANDEZ and his associates collaborated regarding possible system vulnerabilities, and HERNANDEZ shared details of

downloaded content and information about compromised Nintendo servers and file directories.

On June 19, 2019, FBI agents searched HERNANDEZ's Palmdale, California residence. Therein, they recovered various electronic devices from HERNANDEZ's bedroom, including a Seagate external hard drive (s/n Z84112WS) containing thousands of confidential Nintendo files related to video games, consoles, and developer tools; and an Apple Macbook (s/n C02MN8TDFD57), two Nintendo Switch consoles (s/n XAW10001300634 and s/n XAW10021377616), IS-Nitro-Emulator (s/n 08050639), and NDEV wireless device (s/n NMA20089065) used to facilitate the unauthorized access. Investigators also recovered several circumvention devices used to access pirated games and other proprietary content. The value of the information HERNANDEZ stole was substantial, well in excess of $5,000. Agents also seized circumvention devices, used to bypass authentication features allowing users to access and play pirated video games.

For some period of time, continuing up through June 19, 2019, HERNANDEZ also knowingly possessed visual depictions of minors engaged in sexually explicit conduct, which he stored electronically on his digital devices. For instance, on the aforementioned Seagate external hard drive, HERNANDEZ possessed approximately 669 graphics and 968 videos of actual minors, including prepubescent minors, engaged in sexually explicit conduct, which he stored in a folder directory called "Bad Stuff" and further organized in a rating system (within subfolders titled "cute," "eh," "okish," etc.).

Among the visual depictions HERNANDEZ knowingly possessed are the three described below:

- File 1: "BR160 12 and 7 Year Old Cousins Suck Fuck 69 And Jerk + Get Caught.avi"

This 50-minute video depicts two prepubescent males on a webcam sitting on what appears to be a bed. Both males remove their clothing and proceed to engage in both manual and oral sex. Based on lack of pubic hair, muscular development, and youthful appearance, both males are approximately between 7 and 12 years old (as indicated by the file name).

- File 2: "2 boys hard fuck xxx.avi"

This 20-minute video depicts a naked prepubescent male laying on a bed. A second prepubescent male is shown removing his clothing and joining the first

PLEA AGREEMENT - 11
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

male on the bed. The video continues to show the pair engaging in oral and anal sex. Based on lack of pubic hair, muscular development, and youthful appearance, both males are approximately 12 years old.

- File 3: "9 Year Old Zachary And Kevin Suck Jerk And Play + Get Caught.avi"

  This 58-minute video depicts two prepubescent males on a webcam sitting on what appears to be a bed. Both males remove their clothing and proceed to engage in both manual and oral sex. Based on lack of pubic hair, muscular development, and youthful appearance, both males are approximately 9 years old (as indicated by the file name).

  HERNANDEZ knowingly possessed all of the visual depictions of minors engaged in sexually explicit conduct found on his digital devices. He collected these depictions because of their content and downloaded such visual depictions from the Internet. All of the visual depictions HERNANDEZ possessed were produced using materials that had been shipped or transported in interstate or foreign commerce.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

12. **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case:

<u>Computer Fraud and Abuse, as charged in Count 1:</u>

      a.     A base offense level of 6, pursuant to USSG § 2B1.1(a)(2);

      b.     An offense level enhancement of 18 levels (+18), based on an estimated loss caused to Nintendo of more than $3,500,000, pursuant to USSG § 2B1.1(b)(1)(J);

      c.     An offense level enhancement of 2 levels (+2), because the offense involved sophisticated means and the defendant intentionally engaged in and caused the conduct constituting sophisticated means, pursuant to USSG § 2B1.1(b)(10).

PLEA AGREEMENT - 12
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Possession of Child Pornography, as charged in Count 2:

        a.     A base offense level of 18, pursuant to USSG § 2G2.2(a)(1);

        b.     An offense level enhancement of 2 levels (+2), because the material involved a prepubescent minor or a minor who had not attained the age of 12 years, pursuant to USSG § 2G2.2(b)(2);

        c.     An offense level enhancement of 2 levels (+2), because the offense involved the use of a computer, pursuant to USSG § 2G2.2(b)(6);

        d.     An offense level enhancement of 5 levels (+5), because the offense involved more than 600 images, pursuant to USSG § 2G2.2(b)(7).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

13.    **Acceptance of Responsibility.**  At sentencing, *if* the district court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

14.    **Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the parties stipulate and agree to recommend that the appropriate term of imprisonment to be imposed by the Court at the time of sentencing is a term of imprisonment of 36 months on each count, to run concurrently.

Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imprisonment up to the statutory maximum penalty authorized by law.  Defendant further understands that he cannot withdraw his guilty plea simply because of the sentence imposed by the district court.  Except as otherwise provided in this plea agreement, the parties are free to present arguments are regarding any other aspect of sentencing.

15.  **Registration as a Sex Offender.**  Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 *et seq.*, he is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act.  Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where the Defendant resides, is an employee, and is a student. Defendant further agrees that for initial registration purposes only, Defendant is required also to register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

16.  **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and, if applicable, agrees to move to dismiss any remaining counts in the Indictment at the time of sentencing.  In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement.  Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

PLEA AGREEMENT - 14
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

17.   **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that, if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence.  Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement.  Defendant also agrees that, if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range.  Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

18.   **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this plea agreement, Defendant waives all rights to appeal from Defendant's conviction and any pretrial rulings of the Court.  Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the

PLEA AGREEMENT - 15
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

a.      Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

b.      Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

19.     **Voluntariness of Plea**. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter his plea of guilty.

//

//

//

PLEA AGREEMENT - 16
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20.   **Statute of Limitations**.  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

21.   **Completeness of Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 31st day of January, 2020.


_____
RYAN S. HERNANDEZ
Defendant


_____
SARA L. CAPLAN
Attorney for Defendant


_____
ANDREW C. FRIEDMAN
Assistant United States Attorney


_____
STEVEN T. MASADA
Assistant United States Attorney

PLEA AGREEMENT - 17
*United States v. Hernandez*, No. CR19-259JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970