THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>RYAN S. HERNANDEZ,<br><br>　　　　　　　　Defendant. | CASE NO. CR19-0259-JCC<br><br>PRELIMINARY ORDER OF FORFEITURE |

THIS MATTER comes before the Court on the Government's motion for entry of a preliminary order of forfeiture (Dkt. No. 30). Pursuant to Defendant Ryan S. Hernandez's plea of guilty to Computer Fraud and Abuse in violation of 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B) and Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Dkt. No. 11), the Government seeks forfeiture of Defendant's interest in the following property:

1. One Seagate external hard drive, serial no. Z84112WS;
2. One Apple MacBook, serial no. C02MN8TDFD57;
3. Nintendo Switch console, serial no. XAW10001300634;
4. Nintendo Switch console, serial no. XAW10021377616;
5. IS-Nitro-Emulator, serial no. 08050639; and
6. NDEV wireless device, serial no. NMA20089065.

1  The Court, having thoroughly reviewed the motion (Dkt. No. 30), the plea agreement
2  (Dkt. No. 11), and the relevant record, hereby FINDS that the above-identified electronics are
3  forfeitable pursuant to 18 U.S.C. § 1030(i), as they facilitated the Defendant's commission of
4  Computer Fraud and Abuse in violation of 18 U.S.C. §§ 1030(a)(2)(C) and (c)(2)(B). (Dkt. No.
5  11 at 8.) The Court further ORDERS:

1. Pursuant to the motion, plea agreement, and 18 U.S.C. § 1030(i), the Defendant's interest in the above-identified electronics is fully and finally forfeited, in its entirety, to the United States;

2. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A)-(B), this Preliminary Order will be final as to the Defendant at the time he is sentenced, it will be made part of the sentence, and it will be included in the judgment;

3. The United States Department of Justice, and/or its authorized agents or representatives ("DOJ"), shall maintain the electronics in its custody and control until further order of the Court;

4. Pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21 U.S.C. § 853(n), the United States shall publish notice of this Preliminary Order and its intent to dispose of the electronics as permitted by governing law. The notice shall be posted on an official government website—www.forfeiture.gov—for at least thirty (30) days. For any person known to have alleged an interest in the electronics, the United States shall also, to the extent possible, provide direct written notice to that person. The notice shall state that any person, other than the Defendant, who has or claims a legal interest in the electronics must file a petition with the Court within sixty (60) days of the first day of publication of the notice (which is thirty (30) days from the last day of publication), or within thirty (30) days of receipt of direct written notice, whichever is earlier. The notice shall advise all interested persons that the petition:

      a. shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the electronics;

      b. shall be signed by the petitioner under penalty of perjury; and,

      c. shall set forth the nature and extent of the petitioner's right, title, or interest in the electronics, as well as any facts supporting the petitioner's claim and the specific relief sought.

5. If no third-party petition is filed within the allowable time period, the United States shall have clear title to the electronics, and this Preliminary Order shall become the Final Order of Forfeiture as provided by Fed. R. Crim. P. 32.2(c)(2);

6. If a third-party petition is filed, upon a showing that discovery is necessary to resolve factual issues it presents, discovery may be conducted in accord with the Federal Rules of Civil Procedure before any hearing on the petition is held. Following adjudication of any third-party petitions, the Court will enter a Final Order of Forfeiture, pursuant to Fed. R. Crim. P. 32.2(c)(2) and 21 U.S.C. § 853(n), reflecting that adjudication; and,

7. The Court will retain jurisdiction for the purpose of enforcing this Preliminary Order, adjudicating any third-party petitions, entering a Final Order of Forfeiture, and amending the Preliminary Order or Final Order as necessary pursuant to Fed. R. Crim. P. 32.2(e).

DATED this 23rd day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE